IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL A. WALKER,

       Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.

Case No. 3:11-cv-990-AA

OPINION AND ORDER

Lisa R. Porter
KP Law LLC
16200 SW Pacific Hwy, Suite H-280
Portland, OR 97224
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Richard M. Rodriguez
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner denying plaintiff's claim for Supplemental Security Income disability benefits (SSI). For the reasons set forth below, the decision of the Commissioner is reversed and remanded for further proceedings.

## BACKGROUND

On November 21, 2007, plaintiff filed an application for SSI, and it was denied initially and on reconsideration. Tr. 58-59, 62-69, 95-100. On April 23, 2010, after timely requesting a hearing, plaintiff, a lay witness and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 27-57, 70-74. On May 28, 2010, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 12-26. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1-4. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff was thirty-two years old at the time of the ALJ's decision, with a high-school education and no past relevant work. Tr. 20. Plaintiff alleges disability since March 2004 due to leg pain, migraines and mental impairments. Tr. 20, 42-43, 110.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind

2   - OPINION AND ORDER

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the date of her SSI application. Tr. 17; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of migraine headaches, hypothyroid disorder, depressive disorder and personality disorder, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 17-18; Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c),(d).

3   - OPINION AND ORDER

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform medium work, with occasional public and co-worker contact, no teamwork-oriented tasks, and no exposure to hazards, heights, or dangerous machinery. Tr. 18-20; 20 C.F.R. § 416.920(e). The ALJ found that plaintiff had no past relevant work and proceeded to step five. Tr. 20; 20 C.F.R. § 416.920(f),(h).

At step five, the burden shifts to the Commissioner to show that a claimant can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(g). Relying on his RFC assessment and the testimony of a vocational expert, the ALJ found that plaintiff could perform other work as an auto detailer (medium work), small parts assembler (light work), and a stuffer (sedentary work). Tr. 20-21, 50-51. Accordingly, the ALJ found plaintiff not disabled within the meaning of the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred in finding her subjective complaints not credible and in discrediting the opinion of Dr. Soto, a treating psychiatrist. Plaintiff argues that if such evidence is credited as true, she has established disability under the Act, or alternatively, that outstanding issues remain and require remand for further proceedings.

A. Plaintiff's Credibility

Plaintiff contends that the ALJ erred by discrediting her testimony and subjective complaints regarding her pain and alleged impairments.

At the administrative hearing, plaintiff testified that she was unable to work full-time due to her inability to concentrate,

4   - OPINION AND ORDER

stay on task, or go from one activity to another. Tr. 33, 38. Plaintiff also testified that she suffers from weekly headaches, depression, panic attacks, and that she has difficulty walking, standing and sitting. Tr. 33-34, 36-37. The ALJ found that plaintiff's complaints were not entirely credible in light of the medical evidence and her daily activities. Tr. 19-20.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the alleged symptoms, "the ALJ can reject the claimant's testimony about the severity of [the] symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008). "At the same time, the ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

In evaluating a claimant's allegations, the ALJ may "consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct," and "whether the claimant engages in daily activities inconsistent with the alleged symptoms." Id. (citations omitted). Further, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

Here, I find that the ALJ provided legally sufficient reasons

5   - OPINION AND ORDER

to support his credibility finding. The ALJ found that the medical record did not reflect the frequency of plaintiff's headaches or the existence of her alleged sitting, standing, and walking limitations. Tr. 19. The ALJ noted only two references to headaches in the medical records and found that the minimal degree of treatment contradicted plaintiff's allegations. Tr. 20; see Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Plaintiff cites no medical records that reflect her alleged exertional limitations or any medically determinable impairment that could cause such limitations. Pl.'s Brief at 10-17.

Further, the ALJ noted that plaintiff reported hiking, performing household chores, writing poetry, walking, being active for up three hours, and regularly attending Alcoholic Anonymous meetings. Tr. 20, 133, 135-37, 276, 289, 338. The ALJ also referenced the testimony of a lay witness indicating that plaintiff cooked, did laundry, performed yard work, vacuumed occasionally, and washed dishes. Tr. 19, 45. While these activities may not define plaintiff's ability to work, they are inconsistent with her allegations of disability. Molina, 674 F.3d at 1113 ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

Plaintiff essentially disagrees with the ALJ's interpretation of her complaints and emphasizes that they are not necessarily inconsistent with the medical evidence. However, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v.

6    - OPINION AND ORDER

Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004). Given that the ALJ's findings are rational and supported by the record, I find no error with respect to the ALJ's credibility determination.

B. Opinion of Treating Psychiatrist

Plaintiff next argues that the ALJ erred by rejecting the statements of Dr. Soto, a treating psychiatrist.

"The medical opinion of a claimant's treating physician is entitled to 'special weight,'" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) (citation omitted). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Id.

Dr. Soto treated plaintiff for several months and diagnosed Major Depressive Disorder and attention deficit disorder. Tr. 206, 208, 209, 213. On December 14, 2007, Dr. Soto prepared a mental assessment questionnaire at the request of plaintiff's attorney. Tr. 261-68. Dr. Soto indicated that plaintiff had moderately severe limitations in maintaining attention for two-hour time periods; sustaining a routine without special supervision; accepting instructions and responding appropriately to criticisms from supervisors; and dealing with normal work stress. Tr. 266. Dr. Soto also found plaintiff severely limited in maintaining attendance and

7    - OPINION AND ORDER

punctuality, and that plaintiff would have frequent difficulties in concentration, persistence and pace. Tr. 266-67. Finally, Dr. Soto indicated that plaintiff would have substantial difficulty interacting with members of the public, supervisors, and co-workers. Tr. 264-265.

However, Dr. Soto also indicated that "[o]n the average," plaintiff's impairments or treatment would "never" cause her to be absent from work. Tr. 265. Dr. Soto opined that plaintiff's condition would not degenerate or deteriorate over time, and that he would not reasonably expect plaintiff to experience difficulty with stamina, pain, or fatigue if she was working full time. Tr. 264. Dr. Soto also stated he would not reasonably expect plaintiff to need a reduced work pace if employed full time at light or sedentary levels of exertion. Tr. 264. Dr. Soto also stated that plaintiff's response to treatment had been mixed due to her poor follow through. Tr. 263.

The ALJ afforded some of Dr. Soto's findings significant weight, stating:

> He . . . sees the claimant every 3 months for a half hour session. Medication management has had limited success apparently because of the claimant's "poor follow through." Dr. Soto concludes that the claimant's impairments would "never" cause the claimant to be absent from work. The treating psychiatrist in the check off boxes of the form generally described the degree of the claimant's symptoms as slight to moderate. Treatment records from Pine County Mental Health are consistent with this assessment (Ex. 1F; 14F). Based on both his treating relationship with the claimant and on his expertise as a psychiatrist, the undersign[ed] accords significant evidentiary weight to his opinion.

Tr. 19. Thus, while attaching significant weight to the portion of Dr. Soto's report indicating mild limitations, the ALJ seemingly ignored Dr. Soto's findings that indicated more severe limitations

8   - OPINION AND ORDER

in areas of attendance, attention span, concentration, pace, and interacting with supervisors and co-workers. Tr. 266-67.

Arguably, the ALJ's consideration of Dr. Soto's report constitutes impermissible cherry-picking; an ALJ must consider all of the relevant evidence in the record and may not cite only those portions of the record that bolster his findings. See Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) (it is error for the ALJ to develop an evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports"); see also Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."); Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[T]he Secretary's attempt to use only the portions [of a report] favorable to her position, while ignoring other parts, is improper."). To the extent the ALJ rejected certain findings of Dr. Soto, the ALJ was required to provide specific and legitimate reasons that are supported by evidence in the record. However, the ALJ gave no reasons for discounting the more severe limitations identified by Dr. Soto; the ALJ simply failed to acknowledge them.

The Commissioner argues that the ALJ resolved the inconsistencies in Dr. Soto's opinion by relying on the report of Dorothy Anderson, Ph.D., a nonexamining psychologist. Tr. 19-20, 289, 291-93. However, the ALJ did not find Dr. Soto's report internally inconsistent or rely on Dr. Anderson's report to discount Dr. Soto's conclusions or resolve the inconsistencies. Rather, the ALJ noted that Dr. Anderson found that plaintiff had

been "less than forthcoming regarding her alleged recovery from drugs and alcohol" and had no history of psychiatric hospitalizations. Tr. 20, 289. Thus, I cannot find that the ALJ gave specific reasons to discount certain opinions of Dr. Soto. As recognized by the Commissioner, it is not the role of the court to resolve inconsistencies in the medical evidence; it is the role of the ALJ. Carmickle, 533 F.3d at 1164 ("The ALJ is responsible for resolving conflicts in the medical record.").

Accordingly, the case is remanded for further proceedings to consider Dr. Soto's full opinion an to further develop the record as necessary. See 20 C.F.R. § 416.920b; Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel.").

## CONCLUSION

The ALJ's conclusion that plaintiff is not disabled under the Act is not supported by substantial evidence in the record, and the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

Dated this 7 day of September, 2012.

Ann Aiken
United States District Judge